```
          UNITED STATES DISTRICT COURT FOR THE
                DISTRICT OF NEW HAMPSHIRE
```

Debra Chase

    v.                                                 Civil No. 14-cv-392-JD
                                                        Opinion No. 2014 DNH 229

Corning, Inc.

O R D E R

Debra Chase brought suit in state court alleging that her former employer, Corning, Inc., discriminated against her in violation of RSA 354-A, retaliated against her, and wrongfully terminated her employment.  Corning removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Chase moves to remand the case to state court on the ground that the amount in controversy does not exceed the jurisdictional amount.  Corning objects.

Standard of Review

A removed case must be remanded to state court if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Federal courts have diversity jurisdiction under § 1332(a) when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a).  The party who removes a case from state court bears the burden of showing that federal jurisdiction exists. DaimlerChrysler Corp. v. Cuno, 547

U.S. 332, 342 n.3 (2006); Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2011).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c).  When, as in this case, the state court pleading seeks a money judgment but the state practice does not permit a demand for damages, "the notice of removal may assert the amount in controversy."[1] § 1446(c)(2)(A).  Removal based on § 1332(a) is proper if the removing party shows by a preponderance of the evidence that the amount in controversy exceeds $75,000.  § 1446(c)(2)(B).

## Discussion

Chase moves to remand the case, arguing that the amount in controversy does not exceed $75,000.  She contends that although she seeks back pay, front pay, compensatory damages, enhanced compensatory damages, punitive damages, and attorneys' fees, the amount in controversy does not exceed $75,000 because she was seriously injured in a car accident and her resulting inability to work eliminates her claim for front pay and severely restricts her claim for back pay.  In response, Corning contends that Chase

---

[1]Corning mistakenly argues that the amount in controversy is apparent on the face of the complaint.  Consistent with New Hampshire practice, no specific amount of damages is claimed in the complaint.  See RSA 508:4-c; Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 218 n.3 (D.N.H. 2004).

2

only attempted to restrict her damages after the case was removed, challenges her evidence, and argues that her claims for compensatory, enhanced, and punitive damages would meet the jurisdictional amount without considering whether her front and back pay claims are diminished.

Chase provides opinion evidence that her injuries in the accident will likely prevent her from working. Corning argues that Chase improperly presented evidence of her inability to work. Corning also contends that the evidence Chase offers cannot be considered because it does not pertain to the appropriate time and does not meet the summary judgment standard. Corning provides evidence of Chase's wages and benefits through the affidavit of Kristin Kowaliw, Human Resource Manager at Corning's Keene facility where Chase worked.

A.  Materials to Be Considered

Corning challenges the evidence Chase submitted in support of her motion to remand, which consists of two expert opinion reports. One is a psychological report prepared by Eric G. Mart, Ph.D., ABPP, and the other is a vocational assessment prepared by James T. Parker, CVRP, CRC. The psychological report is dated September 2, 2014, with an addendum dated September 19, 2014, and the vocational assessment is dated September 22, 2014. Both reports address Chase's abilities and deficits after her accident. The psychological report identifies significant

symptoms and difficulties related to her injuries from the accident, and the vocational assessment concluded that Chase is totally disabled from competitive employment and is likely to remain disabled from work.

    1.  <u>Who May Submit Evidence</u>

Corning asserts that only the defendant, who bears the burden of proof on the jurisdictional issue, may provide evidence to the court. While the cases Corning cites discuss the evidence submitted by the defendants, that is to be expected when the court is assessing whether the defendant met its burden. Contrary to Corning's theory, the First Circuit directs that "deciding whether a defendant has shown a reasonable probability that the amount in controversy exceeds [the jurisdictional amount] may well require analysis of what <u>both</u> parties have shown." <u>Amoche v. Guarantee Tr. Life Ins. Co.</u>, 556 F.3d 41, 51 (1st Cir. 2009); <u>see also</u> <u>Hogan v. Wal-Mart Stores East, L.P.</u>, 2014 WL 66658, at *3 (D.R.I. Jan. 8, 2014) (explaining that plaintiff may overcome defendant's showing on the amount of damages by establishing to a legal certainty that the amount is less than $75,000). Therefore, the court may consider evidence provided by both Corning and Chase.

2. Timing

Corning argues that the opinion evidence Chase submitted does not pertain to the pertinent time for assessing whether the amount in controversy exceeds $75,000. In support, Corning argues both that the amount in controversy is determined as of the time the complaint was filed and that the amount is determined as of the time of removal. In the context of a motion to remand, the amount in controversy is determined as of the date of removal. Amoche, 556 F.3d at 51.

Noting the removal date of September 10, 2014, Corning contends that the opinion evidence is not relevant to the amount in controversy because one of the reports submitted by Chase is dated September 22, 2014. The reports assess Chase's symptoms, deficits, and abilities in light of her injuries caused by the accident in January of 2014. Both reports pertain to Chase's ability to work at the time of removal, and the reports also offer prognoses about Chase's ability to work in the future. Corning has not shown that the reports are not relevant to Chase's ability to work at the time of removal.

3. Competent Evidence

For purposes of determining the amount in controversy, courts may consider extrinsic evidence when the complaint does not include allegations of specific damages. Huston v. FLS Language Ctrs., --- F. Supp. 2d ---, 2014 WL 757681, at *4 (D.

Mass. Feb. 21, 2014).  Summary judgment-type evidence is competent to show facts pertaining to the amount in controversy. Sanders v. Luminescent Sys., Inc., 2014 WL 2815810, at *1 (D.N.H. June 23, 2014); Messier v. Ace Am. Ins. Co., 2013 WL 5423716, at *3 (D.R.I. Sept. 26, 2013); Composite Co., Inc. v. Am. Int'l Grp., Inc., 988 F. Supp. 2d 61, 74 (D. Mass. 2013).

Corning challenges Chase's expert reports on the grounds that the reports are hearsay.  To preclude consideration of evidence submitted for or against summary judgment, the objecting party must show that the evidence "cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2) (emphasis added).  Because experts could appear at trial and testify to opinions, which then would not be hearsay, an expert report submitted for purposes of summary judgment could meet the requirements of Rule 56(c).  See Jeffers v. Farm Bureau Prop. & Cas. Ins. Co., 2014 WL 4259485, at *3 (D. Ariz. Aug. 28, 2014); Greater St. Louis Constr. Laborers Welfare Fund v. Symmetry Landscaping, Inc., 2012 WL 113535, at *6 (E.D. Mo. Jan. 13, 2012); Crouch v. Teledyne Cont'l Motors, Inc., 2011 WL 1539854, at *1, n.3 (S.D. Ala. Apr. 21, 2011).  Therefore, Corning has not shown that the reports are inadmissible hearsay under the summary judgment standard.

Corning also contends that the reports Chase offers cannot be considered because they are not authenticated and because the experts have not been qualified.  Corning cites no case, rule, or

other authority to support its theory that the reports must be authenticated and the experts must be qualified before the opinions may be considered.

An opposing party may challenge an expert's opinion offered to support or oppose summary judgment on the ground that the opinion does not meet the requirements of Federal Rule of Evidence 702. See, e.g., Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 146-48 (1999). Corning, however, has not challenged the reports on those grounds. Further, the jurisdictional assessment done for purposes of a motion to remand is to proceed expeditiously without extensive fact finding. Huston, --- F. Supp. 2d at ---, 2014 WL 757681, at *2-*3 (D. Mass. Feb. 21, 2014) (citing Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 286 (D. Mass. 2011)).

Corning has not shown that the expert opinion reports submitted by Chase cannot be considered for purposes of the motion to remand.

### 5. Corning's Evidence

Chase does not object to the evidence Corning submitted to show Chase's earnings and benefits. In her affidavit, Kowaliw states that, while she was employed at Corning, Chase earned $17.97 per hour as a Machinist II employee. Based on an average of forty hours, Chase earned approximately $718.80 per week and $37,378.00 per year. Chase also participated in Corning's health

and disability plans which had a value of $11,856.00 in 2013. Chase's last day of work was November 21, 2013.

B.  Damages

Chase represents that her injuries from the accident are debilitating and provides the two expert opinion reports which she interprets to mean that she is not likely to be able to work again.  As a result, Chase asserts, her claim for back pay is reduced to the two month period between November 21, 2013, and January 28, 2014, and her claim for front pay is eliminated by her inability to work.  Based on those limitations, Chase's claim for back pay, including benefits, would be under $10,000.

In addition, however, Chase seeks compensatory, enhanced, and punitive damages and attorneys' fees and costs.[2]  Chase contends that those damages will be restricted because of the low amount of back pay at issue in the case.  Corning presents evidence from awards in three other cases in New Hampshire to show that compensatory, enhanced, and punitive damages awards can far exceed the amount of lost pay.

---

[2] As long as the claims are "colorable", they may be considered for purposes of determining the jurisdictional amount. Evans, 326 F. Supp. 2d at 221.  The court notes, however, that there appears to be no colorable basis for punitive damages as relief under Chase's state law claims.  See RSA 507:16; State v. Hynes, 159 N.H. 187, 198 (2009); Stewart v. Bader, 154 N.H. 75, 88 (2006).

In Miller v. Colonial Vill. Pharmacy, No. C93-326-L, 1994 Nat. Jury Verdict Review LEXIS 821, the plaintiff brought a claim under Title VII of the Civil Rights Act of 1964 for sexual harassment and state law claims of constructive discharge and negligent infliction of emotional distress.  A jury returned a verdict of $110,000, which included $15,000 in lost wages for all three claims, $10,000 in enhanced compensatory damages on the constructive discharge claim, $2,500 in compensatory damages and $22,500 in enhanced compensatory damages on the emotional distress claim, and $60,000 in punitive damages on the Title VII claim.

In this case, Chase brings only state law claims, not a claim under Title VII which provides for punitive damages.  Using the verdict in Miller as a template, Chase's damages might total as much as $50,000, but that amount is far below the jurisdictional requirement of $75,000.

The second example Corning provides is cited only as "2005 N.H. Jury Verdicts Review LEXIS 31 (November 2005)" without a case name or docket number.  That case could not be found with the information Corning provided.  As represented by Corning, however, that case involved violations of the Family and Medical Leave Act, along with claims for disability discrimination and wrongful termination.  The verdict of $480,000 included $55,000 in lost wages and benefits and $425,000 in compensatory and enhanced compensatory damages.  Without additional detail, the

case does not appear to be sufficiently similar to Chase's case to provide guidance as to the amount in controversy here.

Corning also cites Snelling v. City of Claremont, 931 A.2d 1272, 1289 (N.H. 2007). In Snelling, the plaintiff brought a state law claim for wrongful termination and a claim under 42 U.S.C. § 1983 for violation of his First Amendment rights. Id. at 1277. The jury awarded the plaintiff $151,000 in past wages and benefits, $50,000 for emotional distress, $151,000 in enhanced compensatory damages, and $3,780 in punitive damages. Id. Corning has not shown how the claims and amounts involved in Snelling indicate the likely amount in controversy here.

Corning has not shown by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional amount.

C. Stipulation

A plaintiff may avoid federal jurisdiction by a legally binding stipulation that the amount of her damages is unequivocally below the jurisdictional amount. See Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350 (2013); Raymond v. Lane Constr. Corp., 527 F. Supp. 156, 157 (D. Me. 2007). Counsel for Corning represents that she "indicated to [Chase's counsel] that if he stipulated that Plaintiff's total recovery would not exceed $75,000, Corning would assent to the forthcoming Motion to Remand" but Chase's counsel "failed to so stipulate and instead

filed the instant Motion to remand."  Because the burden is on the defendant to show the jurisdictional amount by a preponderance of the evidence, the plaintiff is not required to enter a stipulation to limit her damages for purposes of supporting her motion to remand.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001); see also Lottinger v. State Farm Fire & Cas. Co., 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (explaining that in the Fifth Circuit if a defendant meets the jurisdictional burden a plaintiff can still avoid federal jurisdiction by stipulation and waiver); Elliott v. Tractor Supply Co., 2014 WL 4187691, at *3 (N.D. W.Va. Aug. 21, 2014) (noting that plaintiffs are not required to provide proof of the jurisdictional amount "or provide any type of stipulation stating they are seeking less than $75,000 in damages").

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 5) is granted.  The case is remanded to state court pursuant to § 1447(c).

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

October 30, 2014

cc:  Stacie Boeniger Collier, Esq.
     John P. Sherman, Esq.